IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN G. SMITH, o/b/o other similarly situated individuals;<br><br>Plaintiff,<br><br>vs.<br><br>ROB JEFFREYS, Nebraska Dept. Corr. Service Director; STEVE FANNON, The Work Ethic Camp Warden; and DAWN SHEAFFER, The Work Ethic Camp Staff Worker;<br><br>Defendants. | **8:25CV389**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Kevin G. Smith ("Plaintiff"), a prisoner currently confined in the Nebraska State Penitentiary under the custody of the Nebraska Department of Correctional Services ("NDCS"), *see* Filing No. 8, filed a Complaint on June 11, 2025, Filing No. 1. He has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. For the reasons that follow, Plaintiff's Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I.  SUMMARY OF COMPLAINT

When Plaintiff filed his Complaint, he was confined in the NDCS' Work Ethic Camp ("WEC") in McCook, Nebraska.  Plaintiff purports to bring this action on behalf of himself and "other similarly situated individuals," Filing No. 1 at 1, against NDCS Director Rob Jeffreys ("Jeffreys"), WEC Warden Steve Fannon ("Fannon"), and WEC Staff Worker Dawn Sheaffer ("Sheaffer") (collectively "Defendants") in their individual capacities and

against Jeffreys and Fannon in their official capacities as well, *Id.* at 2–3. Plaintiff asserts violations of his Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as state statutory and constitutional violations. *Id.* at 3.

Plaintiff alleges that since his placement at the WEC and through the time he filed his Complaint, "Defendants collectively and in-concert denied, refused, and rejected plaintiff's requests to access law library, obtain legal materials, prepare and draft legal correspondences (allowed by NDCS Policy)[ and] invaded plaintiff's right to legal privacy of his legal mail, notwithstanding plaintiff's grievance and complaints to NDCS officials." *Id.* at 10. Plaintiff states he had litigation already pending when he came to the WEC, namely a case in this Court at 8:23-cv-156[1] and a Nebraska Court of Appeals case, A-24-386,[2] and Plaintiff immediately initiated a request to access the WEC law library upon his inception at the WEC, but "[t]he access took weeks . . . and nearly every week, even now[,] has been dilatory." *Id.* at 4.

Plaintiff submitted many "kite requests" to Sheaffer for law library access, but she often failed to schedule Plaintiff for the library because "she would take the rest of days off early or express she 'forgot' or 'got too busy.'" *Id.* at 8 (punctuation corrected). Sheaffer also would routinely not provide Plaintiff with his requested legal copies as she "promised and affirmed," and her delay in providing copies "hindered plaintiff from submitting his legal documents/mail to the courts, his attorney, and parole board." *Id.*

---

[1] The Court takes judicial notice of its records in *Smith v. Eberhardt, et al.*, No. 8:23-cv-156 (D. Neb.). The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981).

[2] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the Nebraska Court of Appeals appellate case records related to this case in A-24-386. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

Sheaffer, against NDCS policy, denied Plaintiff use of the law library typewriter to type a letter to the Nebraska Board of Parole and, "possibly at the behest of defendant Fannon, sporadically denied and refused plaintiff's access to WEC's law library and legal materials (i.e. legal justice forms) for days on [end]" and sometimes a week or more. *Id.* at 8–9 (punctuation corrected).

Plaintiff submitted numerous kite requests and grievances to Fannon "regarding his needs and requests to access the law library," but Fannon "failed to instruct, direct, or otherwise implore defendant Sheaffer to provide plaintiff legal access to WEC law library via sufficient means (more than once a week/one hour a day)." *Id.* at 6 (punctuation corrected). Fannon "expressed his opinions and responses to plaintiff's submitted grievances, but never any resolutions." *Id.* Fannon also "made promises to afford plaintiff more and extra legal library access (more than the one hour stipend), however, to no avail." *Id.* Plaintiff further alleges that Fannon failed to ensure that WEC mailroom staff promptly and properly handled Plaintiff's legal mail "using certified and registered postal cards" as Plaintiff "discovered that his legal mail took 10 days from Omaha to McCook[,] 15 days from McCook to U.S. Capitol[,]" and the return receipts were deficiently handled and not always returned to Plaintiff. *Id.* at 6–7. Fannon also "failed to train, instruct, or admonish" WEC mailroom staff after they "opened plaintiff's legal mails (more than once)" outside of Plaintiff's presence contrary to NDCS policy. *Id.* at 7.

Plaintiff alleges Jeffreys failed to enforce NDCS policies regarding access to the WEC law library and legal materials and the handling of inmate legal mail and failed to correct or alleviate the alleged "arbitrary and/or atypical actions" inflicted upon Plaintiff by Fannon and Sheaffer. *Id.* at 5.

3

As a result of Defendants' actions, Plaintiff states that his "[o]nly injury amounted to emotional distress tantamount to psychological shocking plaintiff's conscience." *Id*. at 10. For relief, Plaintiff seeks an order declaring Defendants violated his constitutional rights by denying access to the WEC law library and that such violations constituted cruel and unusual punishment in violation of the Eighth Amendment, and Plaintiff also requests $1,000,000.00 in damages. *Id*.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase*

4

*Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties."  *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION

### A.  Plaintiff Cannot Represent Other Inmates

Plaintiff purports to bring this action on behalf of others similarly situated to himself. Filing No. 1 at 1.  However, Plaintiff is not a licensed attorney and cannot represent other individuals in court.  *C.H. by & through Hunt v. Pattonville Sch. Dist.*, No. 4:21-CV-00443-JCH, 2021 WL 4061106, at *2 (E.D. Mo. Sept. 7, 2021) ("A non-attorney pro se litigant may represent him or herself in federal court, but cannot represent another person."); *Jackson v. Dayton*, No. 15-CV-4429 (WMW/JJK), 2016 WL 2931616, at *1 (D. Minn. Mar. 22, 2016), *report and recommendation adopted*, No. 15-CV-4429 (WMW/JSM), 2016 WL 2930913 (D. Minn. May 19, 2016) ("'pro se litigants can never represent the rights, claims and interests of other parties in a class action lawsuit (or otherwise)'" (quoting *Perkins v. Holder*, No. 13–CV–2874 (PAM/FLN), 2014 WL 755378, at *5 n. 8 (D. Minn. Feb. 26, 2014))); *United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct.

5

23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)) (it is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves).

Accordingly, the Court will ignore any claims purportedly asserted on behalf of other individuals and will consider the claims raised in the Complaint as Plaintiff's alone.

**B. Access to Courts and Legal Mail**

Liberally construed, Plaintiff alleges Defendants violated his right of access to the courts by denying him access to the WEC law library and opening and mishandling his legal mail. It is well established "that prisoners have a constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To prevail on an access to courts claim, a prisoner must establish that he sustained "an actual injury." *Moore v. Plaster*, 266 F.3d 928, 933 (8th Cir. 2001). To demonstrate "actual injury," the prisoner must show "'that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Id.* (quoting *Johnson v. Missouri*, 142 F.3d 1087, 1089 (8th Cir. 1998)). In addition, "[p]rivileged prisoner mail, that is mail to or from an inmate's attorney and identified as such, may not be opened for inspections for contraband except in the presence of the prisoner." *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (quotation and citation omitted); *see also Kamau v. Buss*, No. 3:07-CV-372, 2007 WL 2363874, at *2 (N.D. Ind. Aug. 15, 2007) ("The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel."). However, "an isolated incident, without any evidence of improper motive or resulting interference with

[the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." *Gardner*, 109 F.3d at 431 (internal quotation marks omitted).

Here, Plaintiff alleges no facts to suggest he sustained any actual injury as a result of Defendants' denial of his access to the WEC law library or the mishandling of his legal mail. Indeed, Plaintiff affirmatively alleges that his "only injury amounted to emotional distress," Filing No. 1 at 10, and he does not suggest that he was prevented from presenting any nonfrivolous claim to the courts as a result of Defendants' conduct. Rather, the records in Plaintiff's two cases pending at the time of his confinement in the WEC demonstrate that Plaintiff did not suffer any actual injury. This Court's records in Case No. 8:23-cv-156 show that Plaintiff was able to file an amended complaint, motion for counsel, and offer of proof, *see* Filing Nos. 22, 25, & 26, Case No. 8:23-cv-156, in the timeframe between his placement at the WEC in early March 2025, *see* Filing No. 21, Case No. 8:23-cv-156 (notice of address change to WEC dated March 4, 2025), and the filing of his present Complaint on June 11, 2025, as well as a timely second amended complaint and reasserted motion for counsel on August 18, 2025, *see* Filing Nos. 33 & 34, Case No. 8:23-cv-156. A review of Plaintiff's Nebraska state appellate court records likewise shows that he did not suffer any prejudice with respect to the prosecution of his postconviction appeal between March 2025 and the appeal's final disposition on July 11, 2025.[3]

Plaintiff also does not allege facts showing that he suffered any actual injury as a result of Defendants' denial of his requests for access to the WEC law library beyond the established "once a week/one hour a day" allotment, Filing No. 1 at 6, particularly where

---

[3] See attached Nebraska Appellate Courts Case Search record in *State v. Kevin G Smith*, No. A-24-386.

access to a law library is not necessarily required to provide meaningful access to the courts. *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (concluding that providing a law library is merely one way to comply with right of meaningful access to the courts). Nor does Plaintiff allege that he suffered an actual injury as a result of the WEC mailroom staff's deficient handling of his legal mail or their "haphazard[]" opening of his legal mail "more than once" outside his presence, Filing No. 1 at 7. Thus, Plaintiff's Complaint fails to state a plausible access-to-courts claim upon which relief may be granted.

## C. State-Law Claims

Plaintiff also appears to assert claims under a Nebraska state statute and the Nebraska Constitution. *See* Filing No. 1 at 3. Plaintiff's state-law claims can only be litigated in this action through exercise of the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). However, the Court declines to exercise supplemental jurisdiction in this case because Plaintiff's federal claims will be dismissed without leave to amend. *See* 28 U.S.C. § 1367(c)(3) (authorizing district court to decline supplemental jurisdiction where it has "dismissed all claims over which it has original jurisdiction."); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims"); *Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1045 (8th Cir. 2014) ("After the § 1983 claims were dismissed, the district court acted within its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims.").

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a plausible claim for relief and is, therefore, subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).  The Court will dismiss the Complaint without prejudice because the Court finds that further amendment would be futile.  *See Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719–20 (8th Cir. 2014) (district courts can deny motions to amend when such amendments would be futile, such as claims that are frivolous or could not withstand a 12(b)(6) motion to dismiss).

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.     The Court will enter a separate judgment.


Dated this 15th day of January, 2026.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge



**Official Nebraska Government Website**

NEBRASKA.GOV

All State Agencies | All State Services |



Nebraska Judicial Branch

☐ Nebraska Appellate Courts Case Search        ☐ Demo        ☐ JUSTICE Search

## Case Summary

```
              State v. Kevin G Smith

The Case ID is A 24-386
Appealed on 05/20/2024.
Filed on 05/21/2024.
Classification: Post Conviction - Non-Advanced

Trial Court:    Wayne County District Court
Trial Case ID:  CR20-20
Trial Judge:    Mark A. Johnson
Original Court: Wayne County District Court

This case was mandated on 07/11/2025.

This case is not currently scheduled.
```

*Last Visited Jan. 14, 2026*

## Parties/Attorneys to the Case

```
              Parties                        Attorneys

Appellee/Plaintiff                 Jordan Marie Osborne
State of Nebraska                  eNotice eMail Below
                                   ATTORNEY GENERAL
                                   1445 K Street, Room 2115
                                   PO Box 98920
                                   Lincoln, NE 68509-8920
                                   (402) 471-3833


Appellant/Defendant                Thomas B Donner
```

```
Kevin G Smith #214176                  eNotice eMail Below
                                       DONNER LAW FIRM
                                       137 S. Main St., Suite 2*
Nebraska State Penitentiary            West Point, NE 68788-1832
PO Box 22500                           (402) 372-2719
Lincoln, NE 68542-2500
```

```
                eNotice Emails
    Jordan Marie Osborne
         jordan.osborne@nebraska.gov
    Thomas B Donner
         tbdonnerlaw@qwestoffice.net
```

## Register of Actions

```
A 08/11/2025 Poverty Statement Paid

A 07/08/2025 Disposition
 Petition of Appellant for further review denied.

A 06/30/2025 Waiver of Response to Pet Further Review
         View Image              Image ID N25181YFSNSC
         Filed By State of Nebraska
         Response To: Petition of Appellant for Further Review

A 06/23/2025 Petition of Appellant for Further Review
         View Image              Image ID N25174YCCNSC
         Filed By Kevin G Smith #214176
         1 Response Filed
         Submitted 07/01/2025 Disposed 07/08/2025


A 05/27/2025 Disposition
         View Image              Image ID N25147Y04NSC
 Affirmed. Riedmann, Chief Judge. See memorandum web opinion.
                         Mandated  07/11/2025
         View Image              Image ID B00242804NSC
                     Poverty Statement
         View Image              Image ID B00242805NSC
         Fees Due From: Appellant


A 05/06/2025 Submission to Court
         Submitted 05/06/2025 Disposed 05/27/2025

A 04/02/2025 Appt Conflict with Call 5/7-am
```

Last visited Jan. 14, 2026

View Image                              Image ID N25092XBQNSC
Filed By Kevin G Smith #214176

A 12/16/2024 Brief of Appellee State
View Image                              Image ID N24351VXDNSC
Filed By State of Nebraska

A 11/20/2024 Disposition
Pursuant to Neb. Ct. R. App. P. § 2-106(E)(2), Appellee's FINAL brief
date extended to December 16, 2024. No further extensions will be
allowed.

A 11/14/2024 Motion of Appellee to Extend Brief Date
View Image                              Image ID N24319VL7NSC
Filed By State of Nebraska
Submitted 11/20/2024 Disposed 11/20/2024

A 11/04/2024 4th Supplemental Transcript Pgs 1-3
View Image                              Image ID A00224898NSC
Filed By Kevin G Smith #214176
1 Response Filed

A 11/04/2024 Transcript acceptance letter
View Image                              Image ID B00224897NSC
Response To: 4th Supplemental Transcript Pgs 1-3

A 10/15/2024 Motion Appellee to Extend Brief Date
View Image                              Image ID N24289V8CNSC
Filed By State of Nebraska
Disposed 10/15/2024

A 10/15/2024 Disposition
Pursuant to Neb. Ct. R. App. P. § 2-106(E)(2), Appellee's FINAL brief
date extended to November 14, 2024.

A 10/08/2024 Entry of Appearance - Osborne for State
View Image                              Image ID N24282V5UNSC
Filed By State of Nebraska

A 09/13/2024 Brief of Appellant Smith
View Image                              Image ID N24257UUGNSC
Filed By Kevin G Smith #214176

A 09/11/2024 3rd Supplemental Transcript Pgs 1-12
View Image                              Image ID A00221454NSC
Filed By Kevin G Smith #214176
1 Response Filed

A 09/11/2024 Transcript acceptance letter
       View Image                Image ID B00221453NSC
       Response To: 3rd Supplemental Transcript Pgs 1-12


A 08/06/2024 Electronic BOE VOL 1 TEST (P1-121)
       1 Response Filed


A 08/06/2024 Electronic BOE VOL 2 EXHIBITS 1-14


A 08/06/2024 Acceptance Letter to Trial Court
       View Image                Image ID B00219112NSC
       Response To: Electronic BOE VOL 1 TEST (P1-121)


A 06/27/2024 By order of the Court BOE Prep Date
       Disposed 06/27/2024


A 06/27/2024 Appellant's Brief Date Re-Established
       Disposed 06/27/2024


A 06/27/2024 Disposition
 By order of the Court, time for preparation for bill of exceptions
 re-established to August 15, 2024.


A 06/27/2024 Disposition
 Record preparation date having been re-established to August 15, 2024,
 Appellant's brief date extended to September 16, 2024.


A 06/26/2024 2nd Supplemental Transcript Pgs 1-6
       View Image                Image ID A00216467NSC
       Filed By Kevin G Smith #214176
       1 Response Filed


A 06/26/2024 Transcript acceptance letter
       View Image                Image ID B00216466NSC
       Response To: 2nd Supplemental Transcript Pgs 1-6


A 06/21/2024 Notice Appt Filing Request for Supp BOE
       View Image                Image ID N24173TTGNSC
       Filed By Kevin G Smith #214176


A 06/20/2024 Disposition
 Motion of Appellant for leave to request bill of exceptions out of
 time sustained. Appellant shall file their request within three days
 of this order.


A 06/14/2024 Motion Appt Leave to Request Supp BOE
       View Image                Image ID N24166TQSNSC
       Filed By Kevin G Smith #214176

                    Submitted 06/18/2024 Disposed 06/20/2024


    A 06/12/2024 Status Letter to Appointed Counsel
                    View Image                Image ID B00215534NSC


    A 06/12/2024 Supplemental Transcript Pages 1-90
                    View Image                Image ID A00215533NSC
                    Filed By Kevin G Smith #214176
                    1 Response Filed


    A 06/12/2024 Transcript acceptance letter
                    View Image                Image ID B00215532NSC
                    Response To: Supplemental Transcript Pages 1-90


    A 06/12/2024 Disposition
     Motion of Appellant for bill of exceptions overruled.


    A 06/10/2024 Motion of Appellant for BOE
                    View Image                Image ID 000104432NSC
                    Filed By Kevin G Smith #214176
                    Submitted 06/12/2024 Disposed 06/12/2024


    A 05/30/2024 Disposition
     Motion sustained; Luke Henderson allowed to withdraw as counsel for
     Appellant.


    A 05/23/2024 Transcript Pages 1-122
                    View Image                Image ID A00214400NSC
                    Filed By Kevin G Smith #214176
                    1 Response Filed


    A 05/23/2024 Transcript acceptance letter
                    View Image                Image ID B00214399NSC
                    Response To: Transcript Pages 1-122


    A 05/22/2024 Motion to Withdraw Henderson
                    View Image                Image ID N24143TFMNSC
                    Filed By Kevin G Smith #214176
                    Submitted 05/29/2024 Disposed 05/30/2024


    A 05/21/2024 Notice of Appeal
                    View Image                Image ID A00214252NSC
                    Filed By Kevin G Smith #214176
                    5 Responses Filed


    A 05/21/2024 New Case Letters
                    View Image                Image ID B00214256NSC

A 05/21/2024 Poverty Order
        View Image                Image ID A00214251NSC
        Response To: Notice of Appeal

A 05/21/2024 Acceptance Letter to the Trial Court
        View Image                Image ID B00214250NSC
        Response To: Notice of Appeal

A 05/21/2024 Motion for In Forma Pauperis
        View Image                Image ID A00214253NSC
        Response To: Notice of Appeal

A 05/21/2024 Poverty Affidavit
        View Image                Image ID A00214254NSC
        Response To: Notice of Appeal

A 05/21/2024 Clerks Certificate on Appeal
        View Image                Image ID A00214255NSC
        Response To: Notice of Appeal

Last visited Jan. 14, 2026

☐ Back to top

Built and Maintained by Nebraska.gov
All State Agencies | All State Services

**Nebraska Judicial Branch**
http://www.supremecourt.ne.gov/

Security, Accessibility, and Privacy Policies

Nebraska.gov
Contact Us: Support

https://www.nebraska.gov/courts/sccales/index.cgi[1/14/2026 3:27:56 PM]